COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Roberto Alfredo Ventura v. The State of Texas

Appellate case number:   01-14-00095-CR

Trial court case number: 1355473

Trial court:             182nd District Court of Harris County

The complete record was filed in this appeal on March 10, 2014. Appellant's brief, therefore, was due on April 9, 2014. *See* TEX. R. APP. P. 38.6(a). On April 17, 2014, the Clerk of this Court notified appellant that his brief was late and, absent a satisfactory response within 10 days, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant did not respond. On May 12, 2014, the Clerk of this Court again notified appellant that his brief was late and, absent a satisfactory response within 10 days, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant has not responded.

We, therefore, abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Tony Aninao, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1)     determine whether appellant wishes to prosecute the appeal;
(2)     if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Tony Aninao of his duties as appellant's counsel;
(3)     if good cause exists, enter a written order relieving Tony Aninao of his duties as appellant's counsel, including in the order the basis for and finding of good cause,

---

1     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

and appoint substitute appellate counsel at no expense to appellant;

(4)     make any other findings and recommendations the trial court deems appropriate; and

(5)     enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2013); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature:  /s/ Jim Sharp, Jr.
                    ☑ Acting individually     ☐ Acting for the Court


Date:  August 5, 2014